**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Jerry Louis HUGHES, aka G–Ride, Defendant—Appellee.**

No. 04–50550.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 1, 2005.

Decided Aug. 17, 2005.

Dorothy Kim, Esq., Los Angeles, CA, for Plaintiff–Appellant.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kenly Kiya Kato, Liner Yankelevitz et al., LLP, Los Angeles, CA, for Defendant—Appellee.

Before: CANBY, KOZINSKI, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

1. The district court concluded that it could not apply the career offender, bodily injury to victims, and amount of loss enhancements to Hughes. Accordingly, Hughes' sentence was not imposed in violation of the Sixth Amendment. However, the government is entitled to a remand for resentencing under the now-advisory Sentencing Guidelines. *See United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005) (holding that even though respondent's sentence was authorized by the jury's verdict and thus presented no Sixth Amendment violation, "the Government (and the defendant should he so choose) may seek resentencing under the system set forth in today's opinions.").

2. Applying *Booker* in this case results in no violation of the Fifth Amendment's Due Process clause. *See United States v. Dupas,* 419 F.3d 916 (9th Cir.2005) (holding that the retroactive application of *Booker's* remedial holding does not offend due process). *Booker* expressly provided for its application to *all* cases on direct review. *See Booker,* 125 S.Ct. at 769 ("[W]e must apply today's holdings—both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act—to *all cases on direct review.*") (emphasis added)

* This disposition is not appropriate for publication and may not be cited to or by the courts

(citations omitted); *see also Dupas,* 419 F.3d at ——. Moreover, Hughes faces the same statutory maximum sentence as he did pre-*Booker. See id.* at ——.

**SENTENCE VACATED and REMANDED** for resentencing.